# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOSEPH FAULKNER,**

    Petitioner,

**v.**                                                           **CIVIL ACTION NO.: 3:18-CV-81**
                                                                      **(GROH)**

**Warden, JOE COAKLEY,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 19. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on October 25, 2018. In the R&R, he recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of

a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on October 25, 2018. ECF No. 19. The Petitioner accepted service on October 29, 2018. ECF No. 20. The Petitioner filed objections on November 7, 2018. ECF No. 21. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

In his § 2241 petition, the Petitioner alleges that the Federal Bureau of Prisons unlawfully denied him credit for time served. The Petitioner asks the Court to order the BOP to credit him for his time served and to correct his "total term in effect."

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

On May 14, 2012, Petitioner was sentenced in case number 1:11-CR-120 in the Northern District of Illinois. The Petitioner was sentenced to 91 months of incarceration, comprised of 45 months on Count One and 46 months on Count Two, to run consecutively. While serving this sentence, Petitioner was indicted and found guilty of other charges in case number 1:13-CR-772-2. In this case, Petitioner was sentenced to

2

30 years for Counts One and Nine which were to run concurrently with one another and with his sentence he was currently serving; 36 months for Count Two to run concurrently with Counts One and Nine and with his sentence he was currently serving; and 120 months for Count Three, which was to run consecutively to the sentence imposed in Counts One, Two and Nine and the sentence he was currently serving. Defendant was also to be given credit for time served on the sentence imposed in 1:11-CR-120.

### III. Applicable Law

The Attorney General, acting through the Bureau of Prisons, has responsibility for calculating a defendant's jail credit. United States v. Wilson, 503 U.S. 329, 331-32 (1992). When calculating a defendant's credit for time served, the BOP should follow 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he *has spent* in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence *was imposed*; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(emphasis added).

### IV. Discussion

In this case, Magistrate Judge Trumble found that while Petitioner has failed to exhaust his administrative remedies prior to filing this petition, the claims would have ultimately been futile in light of BOP policy. Therefore, Magistrate Judge Trumble addresses the validity of Petitioner's argument and recommends this case be dismissed

because all prior custody credit to which Petitioner was entitled has been received. Magistrate Judge Trumble relies on 18 U.S.C. § 3585 and the holding in Wilson for making this determination.

The Petitioner's first objection is to Magistrate Judge Trumble's "implication that his sentencing judge was computing his jail credit from the bench." ECF No. 21 at 2. He argues that the sentencing judge was "crystal clear" in ordering that he receive credit for time served from his first sentence to his second sentence. Magistrate Judge Trumble reviewed this evidence when issuing the R&R. The law is clear that the Attorney General acting through the BOP, not the district court judge, makes this computation. Accordingly, this objection is without merit and is **OVERRULED**.

Next, the Petitioner's second and third objections are to Magistrate Judge Trumble's reliance on Wilson, arguing that Setser v. United States, 566 U.S. 231 (2012) should guide this Court's decision. In Sester, a different factual scenario was present. Setser holds that a district court has discretion to run federal sentences consecutively to anticipated, but unimposed, state sentences. Id. at 236. That is not the set of circumstances present in this case. Petitioner was already serving a sentence in 1:11-CR-120 when he was sentenced in 1:13-CR-772-2. Accordingly, this objection is without merit and is **OVERRULED**.

Finally, the Petitioner objects to Magistrate Judge Trumble's finding that there is not a genuine dispute as to any material fact. However, the law is clear on the issue before the Court and there is no genuine dispute of a material fact presented. Accordingly, this objection is without merit and is **OVERRULED**.

4

## V. Conclusion

For the aforementioned reasons, the Petitioner's objections are **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation is **ORDERED ADOPTED**.

Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.** The Respondent's Motion to Dismiss, or, in the alternative, for Summary Judgment [ECF No. 11] is **GRANTED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** December 17, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE